121511Nf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MELVIN FOLKERTS and IDELLA FOLKERTS, ) | |
| ) | 10-cv-2041 EJM |
| Plaintiffs, ) | |
| v. ) | ORDER |
| ) | |
| CITY OF WAVERLY, IOWA, and TROY ) | |
| SCHNEIDER in his individual and official ) | |
| capacities, ) | |
| Defendants. ) | |

This matter is before the court on defendants' resisted Motion to Dismiss, filed November 15, 2010, and on defendants' resisted Motion for Summary Judgment, filed May 27, 2011. Briefing concluded June 30, 2011. Motion to Dismiss denied as moot, Motion for Summary Judgment granted.

Plaintiffs initially filed this action in the Iowa District Court for Bremer County on May 7, 2010, as guardians and conservators for their son Travis Folkerts, seeking damages from defendants for the alleged deprivation of his constitutional rights pursuant to 42 USC §1983 (Count 1), and the claimed violation of his rights under 29 USC §794 (Rehabilitation Act). On May 19, 2010, defendants removed the matter pursuant to 28 USC §1441. The court has jurisdiction pursuant to 28 USC §1331.

On May 11, 2008, Wavery police responded to a report of a man trying to get young children to remove their clothes. Investigation led police to Travis Folkerts as the man who was the subject of the report. In their Amended Complaint filed November 1, 2010, plaintiffs urge that Travis, age 33, is mentally disabled, and that

defendant Schneider, employed by defendant Waverly as a police officer, interrogated Travis regarding this matter without his guardians present. Plaintiffs assert that during the interrogation Travis made statements supporting a criminal charge of his lascivious conduct with a minor child in violation of Iowa law, for which he was then charged and prosecuted. Plaintiffs assert the charges were dismissed on July 10, 2009, following mental evaluations which demonstrated Travis to be incompetent to waive his rights under Miranda v. Arizona, 384 US 436 (1966). Plaintiffs urge defendant Schneider knew or should have known Travis to be mentally disabled, a ward of another, and incompetent to waive Miranda rights.

In Count 1, plaintiffs assert that the interrogation by defendant Schneider violated Travis's rights under the Fifth and Sixth Amendments to the US Constitution, and that the interrogation, charging, and prosecution violated his Due Process rights, all under color of state law. Plaintiffs further assert that the actions were undertaken pursuant to the policy, practice, custom, and procedure of defendant City of Waverly, and that defendant Schneider's actions were done with reckless indifference to the rights of Travis.

In Count 2, plaintiffs assert that in the interrogation, charging, and prosecution of Travis, no accommodation was made for his disability, that the manner in which he was interrogated, charged, and prosecuted was due to his disability, and that Waverly police officers were not trained in how to deal with mentally disabled persons with regard to investigation, interrogation, charging, or prosecution. Plaintiffs assert that defendant Schneider's actions were under color of state law,

were done with reckless disregard for the rights of Travis, and that the actions were pursuant to a policy, practice, custom, and procedure of defendant City of Waverly. Plaintiffs urge these actions violated Travis's rights under the Americans with Disabilities Act (ADA), 42 USC §12132, the Rehabilitation Act (RA), 29 USC §794, and the US Constitution, in violation of 42 USC §1983.

All grounds raised in the Motion to Dismiss are included in the Motion for Summary Judgment, which also raises additional grounds. Accordingly, the court will address only the Motion for Summary Judgment.

As to Count 1, defendants seek summary judgment on the following grounds:

(1) A violation of Miranda rights does not give rise to a claim under 42 USC §1983;

(2) Travis's Fifth Amendment rights were not violated as his statement was not admitted against him in a criminal trial;

(3) Travis's Sixth Amendment rights were not violated as the right to counsel had not attached when his statement was obtained;

(4) Travis's due process rights were not violated as the defendants' conduct cannot be found to be "conscience-shocking;"

(5) Defendant Schneider is entitled to qualified immunity as the facts alleged by plaintiffs have not made out a constitutional violation;

(6) Defendant Schneider is entitled to qualified immunity because the rights at issue were not clearly established at the time of the alleged misconduct;

(7) Defendant Waverly cannot be held liable because plaintiff cannot establish an underlying constitutional violation on the part of defendant Schneider;

(8) Defendant Waverly cannot be held liable because defendant Schneider is entitled to qualified immunity;

(9) Defendant Waverly cannot be held liable because there is no evidence of any policy, practice, or custom of the City that caused Travis's claimed injury; and

(10) There is no evidence from which a reasonable jury could find that plaintiffs are entitled to recover punitive damages from defendant Schneider.

As to Count 2, defendants seek summary judgment on the following grounds:

(1) 42 USC §1983 cannot be used to bring a claim under either the ADA or the RA;

(2) 42 USC §1983 cannot be used to subject defendant Schneider to liability under either the ADA or the RA;

(3) 42 USC §1983 cannot be used to recover punitive damages under either the ADA or the RA;

(4) Defendant Schneider is not subject to liability under either the ADA or the RA;

(5) Punitive damages cannot be recovered under either the ADA or the RA;

(6) Travis was not discriminated against on the basis of disability;

(7) Neither Travis nor his parents/guardians ever made a request for accommodation of his disability;

(8) Travis was provided reasonable accommodation for his disability;

(9) Defendant Schneider is entitled to qualified immunity because:

   (a) The facts alleged have not made out a violation of any statutory or constitutional right, and

   (b) The rights at issue in the Amended Complaint were not clearly established at the time of the alleged misconduct;

(10) Defendant Waverly cannot be held liable because:

   (a) Plaintiffs cannot establish any underlying statutory or constitutional violation by defendant Schneider, and

   (b) Defendant Schneider is entitled to qualified immunity;

(11) Plaintiff's Amended Complaint has not identified any policy, practice, or custom of Waverly that caused injury;

(12) There is no evidence from which a reasonable jury could find plaintiff entitled to recover punitive damages against defendant Schneider.

Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties

5

must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Again, Count 1 pleads a cause of action under 42 USC §1983 claiming that the interrogation violated Travis's rights under the Fifth and Sixth Amendments to the US Constitution, and that the interrogation, charging, and prosecution violated his due process rights. As restated in their brief (docket #25) at p. 8, plaintiffs assert that the basis of the Count 1 claim is that defendant Schneider knew Travis was mentally disabled, a ward under the care of others, incapable of understanding or waiving Miranda rights, and that Schneider purported to obtain a waiver of Travis's Miranda rights by inviting Travis's mother to the police station, without telling her he was going to interrogate Travis, and without mentioning Miranda. Plaintiffs assert the claim violated Travis's Miranda rights, and his Fifth Amendment right to remain silent.

At the outset, a litigant cannot maintain an action under 42 USC §1983 based upon a claimed violation of safeguards under Miranda v. Arizona, 384 US 436 (1966). Hannon v. Sanner, 441 F3d 635, 636-638 (8th Cir. 2006). As to a claimed violation of the Fifth Amendment right not to be compelled in any criminal case to be a witness against himself, there is no violation where, as here, the self-incriminating statement is not admitted as testimony against the defendant. Chavez v. Martinez, 538 US 760, 767 (2003). Similarly, the Sixth Amendment right to counsel did not

6

attach until adversary criminal proceedings. Warren v. City of Lincoln, Neb., 864 F2d 1436, 1442 (8th Cir. 1989). While plaintiffs urge that the interrogation of Travis was a violation of substantive due process under the Fourteenth Amendment to the US Constitution, it is the court's view that upon this record, when viewed in accordance with the appropriate standards, there exists no disputed issue of material fact and that defendants' conduct does not "shock the conscience." See Chavez v. Martinez, 538 US 760, 774-775 (2003)(observing that official conduct most likely to rise to the "conscience-shocking" level is that which is intended to injure in a manner unjustifiable by any government interest). See also Akins v. Epperly, 588 F3d 1178, 1183 (8th Cir. 2009)(discussing standards of "conscience-shocking" conduct). Upon the foregoing, defendants' Motion for Summary Judgment shall be granted as to Count 1.

Turning to Count 2, as the court understands plaintiffs' Amended Complaint, plaintiffs assert the claimed violation of Travis's rights is independently cognizable under either the ADA or the RA, and that a violation of the ADA or RA is also cognizable under 42 USC §1983. The basis for Count 2 is that Travis was investigated, interrogated, and charged due to, and without accommodation for, his disability.

A claimed violation of the ADA or RA is not actionable under 42 USC §1983 for the reasons discussed in Alsbrook v. City of Maumell, 184 F3d 999, 1011-1012 (8th Cir. 1999). As to bringing a claim directly under the RA, 29 USC §794, the elements of a prima facie case are (1) that a plaintiff is a qualified individual with a

7

disability, (2) that he was denied the benefits of a program or activity of a public entity receiving federal funds, and (3) that he was discriminated against on the basis of his disability. M.P. v. Independent School District No. 721, 326 F3d 975, 981-982 (8th Cir. 2003). Similarly, to establish his claim under the ADA, 42 USC §12132, a plaintiff must establish (1) that he is a qualified individual with a disability, (2) that he was either excluded from participation in or denied the benefit of a public entity's services or otherwise subjected to discrimination by the entity, and (3) that the exclusion, denial of benefit, or discrimination was by reason of his disability. Baribeau v. City of Minneapolis, 596 F3d 465, 484 (8th Cir. 2010).

    Defendants assert that if viewed as a claim of disparate treatment, the nature of plaintiffs' claim is not that Travis was treated differently because of his disability, but rather that he was not treated differently, and therefore any claim for intentional discrimination or disparate treatment must fail.  Defendants further assert that if viewed as a claim for failure to make a reasonable accommodation, any duty to provide a reasonable accommodation is not triggered until there is a specific demand therefor, and that there was never any demand for accommodation in this matter.  Moreover, defendants urge that in any event, reasonable accommodations were made, including defendant Schneider's contacting Travis's parents/guardians, giving them an opportunity to be present during questioning, altering questioning methods to simplify questions and avoid leading questions, and explaining the events and situation to Travis's parents/guardians.

In response, plaintiffs assert that Travis was investigated, interrogated, interrogated in the manner in which he was interrogated, charged, and prosecuted, all due to his status or disability, and further, he had no ability to demand reasonable accommodation. Plaintiffs urge there is no requirement that he demand accommodation for his mental disability prior to interrogation, as the fact of his mental disability precludes him from doing so. Plaintiffs further assert that the law functionally makes this request for accommodation prior to interrogation, as the law requires a waiver of <u>Miranda</u> rights, which Travis was incapable of giving.

Upon review of the record, including a prior unrelated matter involving defendant Schneider and plaintiffs' relatives, upon which plaintiffs urge defendant Schneider used the instant matter to deliberately injure Travis to retaliate against the relatives, it is the court's view that plaintiffs have not come forward with a sufficient showing to create a disputed issue of material fact as to a claim of disparate treatment. Moreover, assuming without deciding that the ADA and RA apply to the police interrogation in this matter, see <u>Calloway v. Boro of Glassboro Dept. of Police</u>, 89 FS2d 543, 554-555 (D. New Jersey 2000), and further assuming without deciding that there exists no requirement that Travis request a reasonable accommodation, it is the court's view that there exists no disputed issue of material fact, and that any burden to provide reasonable accommodation was made, including but not limited to defendant Schneider's contacting the parents/guardians of Travis to advise that he had Travis at the police station, and their advising defendant Schneider that they specifically declined to be present when he interviewed Travis, and that they

requested no further type of accommodation. Accordingly, defendants' Motion for Summary Judgment shall be granted as to Count 2.

Due to the court's disposition of this matter, the court need not consider defendants' remaining defenses.

It is therefore

ORDERED

Motion to Dismiss denied as moot.

Motion for Summary Judgment granted.

December 16, 2011.

                                                Edward J. McManus, Judge
                                                UNITED STATES DISTRICT COURT